Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001843
04-OCT-2013
09:08 AM

NO. CAAP-13-0001843

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MANUEL P. AQUINO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTI-13-005064)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over Defendant-Appellant Manuel P. Aquino's (Appellant Aquino) appeal from the April 1, 2013 judgment against Appellant Aquino for noncompliance with the speed limit in violation of Hawaii Revised Statutes (HRS) § 291C-102 (2007).

An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exits. State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000). "Appeals from the district court, in criminal cases, are authorized by HRS § 641-12, which . . . provides in pertinent part that appeals upon the record shall be allowed from all final decisions and

final judgments of district courts in all criminal matters." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (internal quotation marks and brackets omitted). Noncompliance with the speed limit in violation of HRS § 291C-102 (2007) is punishable by only a fine, and, thus, this offense constitutes a "'[t]raffic infraction' . . . for which the prescribed penalties do not include imprisonment[.]" HRS § 291D-2 (2007) (emphasis added). "No Traffic infraction shall not be classified as a criminal offense." HRS § 291D-3(a) (2007). Nevertheless, under HRS Chapter 291D, contested traffic citations are adjudicated at a hearing before a district court. An adjudication in favor of Plaintiff-Appellee State of Hawai'i may be followed by a trial de novo before the district court that the district court conducts "pursuant the rules of penal procedure and rules of the district court[.]" HRS § 291D-13(a) (2007). Rule 19(d) of the Hawai'i Civil Traffic Rules (HCTR) provides that "[a]ppeals from judgments entered after a trial may be taken in the manner provided for appeals from district court civil judgments." HCTR Rule 19(d) (emphasis added). Appeals from district court civil judgments are authorized by HRS § 641-1(a) (1993 & Supp. 2007).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted).

The April 1, 2013 judgment ended the proceeding for Appellant Aquino's citation for noncompliance with the speed limit in violation of HRS § 291C-102 (2007), leaving nothing further to be accomplished. Therefore, the April 1, 2013 judgment is an appealable final judgment under HRS § 641-1(a) (1993 & Supp. 2007).

However, Appellant Aquino's appeal from the April 1, 2013 judgment is not timely, because Appellant Aquino did not file his June 25, 2013 notice of appeal within thirty days after entry of the April 1, 2013 judgment, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure required. "As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal . . . if we lack jurisdiction." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (citations, internal quotation marks, and original brackets omitted).

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed.

DATED: Honolulu, Hawai'i, October 4, 2013.

Chief Judge

Associate Judge

Associate Judge

-3-